NOT YET SCHEDULED FOR ORAL ARGUMENT

Nos. 25-1282, 25-1283

---

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

PALM BEACH COUNTY, et al.,
*Petitioners*,

v.

FEDERAL AVIATION ADMINISTRATION,
*Respondent*.

---

Petition for Review of Orders of the Federal Aviation Administration

---

**REPLY IN SUPPORT OF RESPONDENT'S MOTION FOR EXTENSION OF CERTIFIED INDEX DEADLINE**

---

| | |
|---|---|
| | ADAM R.F. GUSTAFSON |
| WILLIAM MCKENNA | *Principal Deputy Assistant Attorney General* |
| *Chief Counsel* | |
| | REBECCA JAFFE |
| MICHAEL FINEMAN | ALLEN M. BRABENDER |
| GAHAN CHRISTENSON | *Attorneys* |
| ALEXI FONG | Environment and Natural Resources Division |
| *Attorneys* | U.S. Department of Justice |
| Federal Aviation Administration | Post Office Box 7415 |
| Office of the Chief Counsel | Washington, D.C. 20044 |
| | (202) 532-3281 |

Respondent Federal Aviation Administration ("FAA") respectfully submits this reply in further support of its motion for a 60-day extension of time to file the certified index to the administrative record.

Petitioner Palm Beach County's opposition does not meaningfully dispute the factual circumstances identified in the FAA's motion. Nor does it show that the requested extension would prejudice judicial review. Instead, it relies on generalized assertions about agency obligations and rhetorical comparisons between the timing of the FAA's actions and the distinct, legally required process of compiling a certified administrative record. Those arguments do not undermine the showing of good cause that FAA made under Federal Rules of Appellate Procedure 17 and 26(b).

The FAA has shown good cause for a 60-day extension. The FAA explained that additional time is required because (1) key personnel were unavailable during the holiday period immediately following the filing of these consolidated petitions; (2) multiple employees who worked on the matter have since left the agency, requiring coordinated searches of archived records and emails across several FAA offices; and (3) the responsible offices are facing resource constraints and a backlog of projects, the vast majority of which are tied to litigation matters with similar competing deadlines and needs. These are not speculative or routine inconveniences—they are concrete, case-specific impediments to timely completion of a certified index.

Palm Beach County does not dispute that the need to locate, review, and certify records across offices and custodians, particularly where personnel have departed, constitutes good cause for an extension of time to file the administrative record. It simply asserts that the FAA should be able to do so faster. That assertion is not a legal standard.

Palm Beach County conflates the merits of the suit with record compilation. It repeatedly argues that because the FAA acted quickly in implementing the challenged flight procedures at the urging of the U.S. Secret Service, it should be required to produce the certified index on an artificially expedited timeline. That comparison is misplaced. The compilation and certification of an administrative record—particularly in consolidated cases involving multiple petitioners and potential sensitive security-related materials—is a separate process than agency decisionmaking. The speed with which an agency acts does not determine the time reasonably required to assemble, review, and certify the full universe of materials that constitute the administrative record for purposes of judicial review.

No undue prejudice results from the requested extension. Palm Beach County identifies no concrete prejudice arising from a 60-day extension beyond the generalized desire for expedition. The FAA has not sought an open-ended delay, nor has it failed to comply with prior deadlines. It seeks a single, finite extension to ensure that the certified index is accurate and complete—an outcome that benefits both the parties and the Court. Forcing production on an artificially compressed timeline risks omissions, errors, or the need for later supplementation, none of which would promote efficient or orderly review.

The FAA acknowledges that Palm Beach County would prefer a shorter extension, but the question before the Court is not what extension the County prefers—it is whether good cause exists for the extension that FAA requested. For the reasons set forth in the FAA's motion and reiterated here, good cause exists for a 60-day extension. The FAA is committed to producing the certified index as promptly as practicable and has tailored its request to the time necessary to complete that task responsibly under current circumstances.

## CONCLUSION

For the foregoing reasons, and those set forth in its opening motion, the FAA respectfully requests that the Court grant the motion and extend the deadline for filing the certified index to the administrative record to March 30, 2026.

|  |  |
|---|---|
| Of Counsel: | Respectfully submitted, |
|  | /s/ *Allen M. Brabender* |
| WILLIAM MCKENNA | ADAM R.F. GUSTAFSON |
| *Chief Counsel* | *Principal Deputy Assistant Attorney General* |
|  | REBECCA JAFFE |
| MICHAEL FINEMAN | ALLEN M. BRABENDER |
| GAHAN CHRISTENSON | *Attorneys* |
| ALEXI FONG | Environment and Natural Resources Division |
| *Attorneys* | U.S. Department of Justice |
| Federal Aviation Administration |  |
| Office of the Chief Counsel | *Counsel for Respondent* |

January 22, 2026
90-13-1-18070

3

## CERTIFICATE OF COMPLIANCE

1.This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(C) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) this document contains 613 words.

2.This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

/s/ Allen M. Brabender